

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHERINE REYNOLDS,

    Plaintiff,

v.

RELIABLE TRANSMISSIONS, INC.,

and

GE CAPITAL FINANCIAL, INC.,

    Defendants.

Civil Action No.: 3:09CV238

TRIAL BY JURY IS DEMANDED.

## COMPLAINT

COMES NOW the Plaintiff, KATHERINE REYNOLDS, (hereafter the "Plaintiff") by counsel, and for her complaint against the Defendants, Reliable Transmissions, Inc., ("Reliable") and GE Capital Financial, Inc.("GE"), she alleges as follows:

1. Federal claims in this action are brought under the Equal Credit Opportunity Act. State claims are brought for fraud, conversion, breach of contract, bailment, and violations of the Virginia Automobile Repair Facilities Act and the Virginia Consumer Protection Act. The claims arise out of an oral contract between the parties regarding the repair of Plaintiff's 1999 Oldsmobile Delta 88. Defendant Reliable promised to make the repairs for $750.00. After taking possession of Plaintiff's vehicle, Defendant Reliable demanded over $1,900.00 for the repairs, at which time Plaintiff informed Defendant Reliable to cease all work and that she was picking up her vehicle. Defendant Reliable refused to return to Plaintiff her vehicle and further advised Plaintiff that he could obtain financing for the repairs. Plaintiff refused financing. Despite Plaintiff's refusal of financing, Defendant Reliable filled out a credit application for the Plaintiff and, upon information

and belief, processed the credit application to various lenders including Defendant GE. Subsequent to submission of the credit application, Defendant Reliable contacted Plaintiff and told her over the phone that her credit application was denied. Plaintiff never received an adverse action notice letter from either Defendant Reliable or Defendant GE. The Plaintiff was deceived and lied to on countless occasions by Reliable which is subject to all Counts. Defendant GE is subject to the Equal Credit Opportunity Act claim for its failure to provide any notices of Adverse Action and statement of its credit decisions.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1367 and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691e(f). This District and Division has venue as the statutory Agent and Registered Office of GE is located within the Richmond Division.

## PARTIES

3. Plaintiff is a natural person residing in the County of Gloucester, Virginia, and at all times relevant hereto was a "consumer" as defined and governed by the ECOA and the Virginia Consumer Protection Act ("VCPA"), Va Code §59.1-196 et seq., and a "person" as defined and governed by the Virginia Automobile Repair Facilities Act ("VARFA").

4. Defendant GE is a foreign corporation doing business in Virginia. At all times relevant hereto it was a "creditor" as defined by the ECOA.

5. Defendant Reliable is a Virginia corporation with facilities located in Newport News, Virginia. At all times relevant hereto it was a "creditor" as defined by the ECOA, a "supplier" as defined by the VCPA, and an "automobile repair facility" as defined and governed by the VARFA.

## FACTS

6.      Prior to October 24, 2008, Defendant's agent Mark Abraham contacted the Plaintiff by telephone and solicited her business for a transmission repair, promising a full price of $750.00 regardless of the work required.

7.      On or about October 24, 2008, Reynolds had her 1999 Oldsmobile Delta 88 ("the vehicle") towed to Reliable's place of business at 9911 Jefferson Avenue, Newport News, Virginia, for investigation of a noise coming from the transmission of the vehicle. Plaintiff was instructed to leave the vehicle at Reliable and that she would be called about the work.

8.      On or about October 27, 2008, Plaintiff called Defendant's agent, Mark Abraham, about the repair and was told that no work had been done, the problem might be a cv joint instead of the transmission and to call back the next day.

9.      On or about October 28, 2008, Plaintiff called and spoke to Defendant's agent "Tim". Tim advised her that the problem was not the cv joint and that he would know more after tearing down the transmission. Tim confirmed a maximum price for repairs of $750.00 to the Plaintiff.

10.     On or about October 30, 2008, Defendant's agent, Mark Abraham, telephoned the Plaintiff and advised her that her transmission was "junk" and not worth fixing and that she needed a new transmission for a price of $1965.00.

11.     Plaintiff refused any further work by the Defendant and requested that the transmission be reassembled so that she could have the vehicle towed home.

12.     Defendant's agent, Mark Abraham, offered to arrange financing of the new price for the Plaintiff, but Plaintiff refused the offer.

13. Defendant's agent, Mark Abraham, then advised Plaintiff that she would have to pay $1500.00 to get her vehicle back because he had already ordered parts. Plaintiff again refused.

14. On October 31, 2008, Defendant Reliable by and through its owner and agent, Mark Abraham, took a credit application from the Plaintiff and transmitted said credit application over the telephone wires to various lenders, including Defendant GE.

15. Upon information and belief, the Plaintiff alleges that on or about October 31, 2008, Reliable submitted the Plaintiff's application to GE. Each of the Defendants considered the application, but did not approve credit for the Plaintiff. The Plaintiff was never able to "use" credit from either Defendant.

16. Neither Defendant ever informed the Plaintiff of an adverse action within 30 days of receiving the completed application.

17. Neither Defendant has ever provided the Plaintiff a written notice of adverse action.

18. On or about November 5, 2008, Plaintiff went to Defendant Reliable's place of business accompanied by a Newport News police officer and demanded the return of her vehicle.

19. Defendant refused to return Plaintiff's vehicle without payment of $1500.00 and the police officer was unable to persuade Mark Abraham otherwise.

20. Plaintiff subsequently learned that her vehicle has suffered additional damage by having grease smeared on much of the interior while in the possession of the Defendant.

21. Defendant continues to refuse to return Plaintiff's vehicle.

22. Defendant Reliable is unlawfully holding possession of Plaintiff's vehicle.

### CLAIM ONE - EQUAL CREDIT OPPORTUNITY ACT

23. Plaintiff incorporates paragraphs 1 - 22 above. and those hereafter. as if fully set forth herein.

24. The failure of each of the Defendants to provide Plaintiff with any written notice of adverse action within 30 days of receipt of the application violated the ECOA. 15 U.S.C. §1691 et seq.

25. The inaccurate oral notice of denial by Defendant Reliable violated the ECOA.

26. As a result of the above alleged ECOA violations. Plaintiff has suffered substantial actual damages.

27. As a result of the above alleged ECOA violations. Defendants are jointly and severally liable to Plaintiff for her actual damages pursuant to 15 U.S.C. §1691(e)(a). for punitive damages of $10,000.00 against each Defendant pursuant to 15 U.S.C. §1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. §1691e(d).

28. Plaintiff is entitled to equitable relief against both Defendants requiring equal treatment of consumers and the delivery of compliant notices in all future instances.

## CLAIM TWO – VIRGINIA REPAIR FACILITY ACT

29. Plaintiff incorporates paragraphs 1 - 28 above. and those hereafter. as if fully set forth herein.

30. On or about October 24. 2008. Reynolds took her vehicle to Defendant Reliable for diagnosis and repair of the transmission.

31. Defendant Reliable violated the Virginia Repair Facility Act. Code of Virginia §59.1-207.1 et seq.. by:

    a) failing to display a Customer Rights sign as required by VARFA:

      b)     failing to provide Plaintiff with a written estimate of repairs;

      c)     performing work on the vehicle's transmission after Plaintiff instructed Reliable to do no repairs;

      d)     causing damage to the vehicle; and

      e)     failing to return the vehicle to Plaintiff when requested.

32.     Plaintiff has suffered actual damages for the loss of her vehicle.

33.     Plaintiff is entitled to full compensation from the Defendant.

## CLAIM THREE – CONVERSION

34.     Plaintiff incorporates paragraphs 1 - 33 above, and those hereafter, as if fully set forth herein.

35.     Defendant Reliable has refused to return Plaintiff's vehicle to her when it has no legal right to withhold the vehicle.

36.     The acts of the Defendant constitute common law conversion of Reynolds's property for the Defendant's own use, without permission or agreement of Reynolds.

37.     Plaintiff has suffered actual damages for the loss of her vehicle and monies paid to effect the return of the vehicle and all parts from the Defendant.

38.     Plaintiff is entitled to full compensation from the Defendant for its acts.

## CLAIM FOUR – FRAUD

39.     Plaintiff incorporates paragraphs 1 - 38 above, and those hereafter, as if fully set forth herein.

40.     Defendant Reliable, and its agents acting within the scope of their employment, represented to Reynolds that her vehicle's transmission would be repaired for a maximum total

price of $750.00 regardless of the repairs needed (the "Representation").

41. The Representation by the Defendant was false at the time it was made in that the Defendant had no intention of repairing Plaintiff's transmission for $750.00.

42. Plaintiff relied on the Representation of the Defendant regarding the price for repair in making her decision to take the vehicle to the Defendant for repair, a reliance that was to the Plaintiff's detriment.

43. The representation by the Defendant was made willfully in conscious disregard for the rights of the Plaintiff such as to warrant the award of punitive damages.

44. Plaintiff has suffered actual damages for the loss of her vehicle and monies paid to effect the return of the vehicle from the Defendant.

45. Plaintiff is entitled to full compensation from the Defendant for its acts.

46. Plaintiff is entitled to actual and punitive damages from the Defendant.

## CLAIM FIVE – BREACH OF CONTRACT

47. Plaintiff incorporates paragraphs 1 - 46 above, and those hereafter, as if fully set forth herein.

48. Reynolds verbally contracted with Defendant Reliable for the repair of her vehicle's transmission for a maximum price of $750.00.

49. Defendant breached the verbal contract by failing to repair the Plaintiff's vehicle and by refusing to return the vehicle to the Plaintiff when Defendant's agent attempted to change the terms of the agreement and Plaintiff refused.

50. As a result of the breach by the Defendant, Plaintiff suffered actual damages in excess of $4,000.00 for the loss of her vehicle.

51. Plaintiff is entitled to full compensation for her damages from the Defendant.

## CLAIM SIX – BAILMENT

52. Plaintiff incorporates paragraphs 1 - 51 above. and those hereafter. as if fully set forth herein.

53. A bailment contract was created between Reynolds and Reliable when Reynolds delivered the vehicle to Reliable for diagnosis and repair.

54. Reliable had a fiduciary duty to Reynolds to care for the vehicle and deliver it back to Reynolds in as good or better condition than that in which it was received.

55. Reliable violated the bailment by damaging the vehicle and refusing to return it to Reynolds.

56. As a result of Reliable's actions while in possession of the vehicle, the Plaintiff has suffered actual damage. for loss and/or repair of the vehicle and loss of use of same.

57. Plaintiff is entitled to full compensation from the Defendant for her losses.

## CLAIM SEVEN - VIRGINIA CONSUMER PROTECTION ACT

58. Plaintiff incorporates paragraphs 1 - 57 above. and those hereafter. as if fully set forth herein.

59. Reliable violated the VCPA. Code of Virginia §59.1-196 et seq.. by:

    a) using deception. fraud. false pretense. false promise and misrepresentation in a consumer transaction when it promised to fix the Plaintiff's vehicle's transmission for $750.00: and

    b) violating the VARFA.

60. Reliable committed the violations of the VCPA willfully.

61.  In the alternative, Reliable actions were committed negligently.

62.  Plaintiff is entitled to actual damages, treble damages, attorneys' fees and costs from the Defendant Reliable pursuant to Virginia Code §59.1-204(a) and (b).

WHEREFORE your Plaintiff demands judgment for compensatory damages and punitive, treble and statutory damages jointly and severally against Defendants; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate; for declaratory and injunctive relief as pled; and for such other relief the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

KATERINE REYNOLDS

By_____
Of Counsel

Leonard A. Bennett, Esquire (VSB #37523)
Robin A. Abbott, Esquire (VSB #46596)
Gary L. Abbott, Esquire (VSB #68829)
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
*Counsel for Plaintiff*