IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| KATHERINE REYNOLDS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 3:09CV238 |
| RELIABLE TRANSMISSIONS, INC., and GE CAPITAL FINANCIAL, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion of counsel to withdraw from the representation of Defendant Reliable Transmissions, Inc. ("Reliable"). (Docket No. 18). The motion is unopposed by Katherine Reynolds, the Plaintiff, and GE Capital Financial, Inc., the Co-Defendant. For the reasons set forth herein, counsel's motion to withdraw is DENIED.

Counsel asserts, as the basis for his request to withdraw, that Reliable is not responding to communications from counsel and is not satisfying its financial obligations to counsel as agreed. (Mot. to Withdraw ¶¶ 2-3). Counsel further contends that, inasmuch as the action has not yet been set for trial,[1] and discovery has not yet commenced, Reliable would not be unduly prejudiced by counsel's withdrawal. (Id. at ¶¶ 4-5).

In support of the motion, counsel relies upon NGM Ins. Co. v. Secured Title & Abstract, Inc., No. 3:07CV536, 2008 WL 1826032 (Apr. 23, 2008 E.D. Va.), an opinion by this Court, for

---

[1] The Court scheduled the case for trial at the conclusion of the hearing on counsel's motion to withdraw.

the proposition that the Court may permit counsel to withdraw where the client does not comply with its fee arrangement and where communications are "strained." (Mem. Supp. Mot. 1). In NGM Insurance, counsel wished to withdraw from the representation of Defendants Larry T. and Janelle M. Davis ("the Davises") and their wholly-owned defendant company, Secured Title & Abstract, Inc. ("Secured Title"), on the ground that the Davises and Secured Title had not fulfilled their contractual obligation for the payment of fees. NGM Insurance, 2008 WL 1826032, at *1. The Court, while recognizing that the nonpayment of fees is usually not a sufficient basis, standing alone, to override the attorney's ethical responsibilities of continued representation of a client, absent the substitution of counsel, especially after counsel has made an appearance in the case, nonetheless permitted counsel to withdraw on the basis of an apparent impasse in communication and cooperation between the client and the attorney, as well as the fact that the Davises would be permitted to represent themselves and presumably address, at least indirectly, the interests of their defunct business. Id. The Court permitted the Davises to proceed pro se, and found Secured Title to be in default for having failed to secure substitute counsel as it was directed to do by the Court in an earlier order. Id. at 1-2. Such circumstances distinguish the NGM Insurance situation from this one.

It is well settled that a corporation, such as Reliable, may only appear by counsel in a federal judicial proceeding. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (citations omitted). For that reason, as well as the fact that the interests of Reliable are not associated with any other party, and the Court will not permit counsel to withdraw due to issues involving fees, the Court cannot relieve counsel of its duty to represent Reliable in this action, particularly where counsel has made multiple appearances on

the record by filing two motions for an extension of time and an answer. (Docket. Nos. 6, 8, 13). The Court notes, however, that if Reliable fails to cooperate with discovery, once discovery commences, a motion to compel by the Plaintiff or Co-Defendant may be appropriate and Reliable may be subject to entry of default against it for any continued refusal to cooperate with counsel that is necessary to comply with discovery obligations.

Accordingly, counsel's motion to withdraw from the representation of Reliable (Docket No. 18) is DENIED.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: September 21, 2009